IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH LEROY THOMPSON | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-04303-NKL |
| GEORGE A. LOMBARDI, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Joseph Thompson moves to reopen this case and set the matter for trial. As support for this motion, Plaintiff states that he rejected a settlement agreement negotiated between Defendants and Plaintiff's attorney. Defendants oppose Plaintiff's motion, and instead move to enforce the settlement agreement. For the reasons set forth below, Plaintiff's motion to reopen case is denied, and Defendant's motion to enforce the settlement is granted.

**I.   Background**

On December 28, 2015, Plaintiff filed suit against Defendants for alleged constitutional violations stemming from the medical care provided to him during his incarceration with the Missouri Department of Corrections. Plaintiff was represented by an attorney who handled settlement negotiations on his behalf. Defendants assert that after negotiations with Plaintiff's counsel, an agreement to settle was reached on July 22, 2019. Doc. 247, at ¶ 1. Counsel for the parties confirmed the existence of a settlement agreement in an email e-mail. Doc. 247-1 (email confirming settlement between the parties). This written exchange confirmed that Plaintiff agreed to a settlement to resolve the matter for the amount of $20,000 and replacement of certain medical

shoes. *Id.* This Court dismissed this case with prejudice on July 23, 2019 after being notified of the settlement of this case. Doc. 245. The Court's order of dismissal specified that "[i]n the event, however, that the settlement is not perfected, any party may move to reopen the case, provided that such motion is filed within 45 days of the date of this Order." *Id.*

Plaintiff states that in September 2019, following receipt of the draft settlement agreement, "he did not wish to settle and would rather proceed to trial on his claims." Doc. 246, at ¶ 4. This language was clarified in an email by Plaintiff's counsel which stated that Plaintiff "*no longer* wants to settle and would rather proceed to trial." Doc. 247-2 (emphasis added). Plaintiff filed this motion to reopen case, and Defendants opposed this motion and filed a motion to enforce settlement. Doc. 247.

## II. Discussion

### A. Legal Standard

A district court "has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous . . . ." *Harper Enterprises, Inc. v. Aprilia World Serv. USA, Inc.*, 270 F. App'x 458, 460 (8th Cir. 2008) (citation omitted) (internal quotation marks omitted). Basic principles of contract formation govern the existence and enforcement of settlement agreements. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006). A party requesting specific performance of a settlement agreement has the burden of proving the agreement "by clear, convincing, and satisfactory evidence." *Precision Investments, LLC v. Cornerstone Propane, LP*, 220 S.W.3d 301, 303 (Mo. 2007) (en banc) (citation omitted).

### B. Evidentiary Hearing

Generally, an evidentiary hearing should be held where there is "a substantial factual dispute over the existence or terms of a settlement." *Chaganti*, 470 F.3d at 1222–23 (citation

2

Case 2:15-cv-04303-NKL    Document 248    Filed 12/16/19    Page 2 of 4

omitted). But no hearing is required where there are no "essential issues of fact that can only be properly resolved by such a hearing" and where "the written record suffices to decide the dispositive issues." *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008).

Plaintiff has not contested the legitimacy of the email submitted by his own counsel which confirms the settlement agreement, nor has he alleged that any of the terms of the agreement are ambiguous or contested. Plaintiff does not contend that his lawyer's performance was deficient, nor does he assert that his attorney lacked authority to enter the settlement agreement by the email dated July 22, 2019, nor does he allege that he never agreed to the terms of the settlement. Further, Plaintiff's rejection of the settlement agreement in September 2019 and subsequent filing of this motion on October 21, 2019 comes after the Court imposed deadline. Doc. 245 (requiring a party to move to reopen case within 45 days of July 23, 2019).

Accordingly, the only issue to be resolved here is whether an enforceable agreement was entered between the parties. Because there is no dispute about the facts concerning the formation of the agreement and "the written record suffices to decide the dispositive issues . . .," an evidentiary hearing is not necessary to resolve this motion.

### C. Existence of a Settlement Agreement

For a settlement agreement to be enforceable, the parties must have agreed to the material terms of the deal. *Sheng v. Starkey Labs., Inc.*, 117 F.3d 1081, 1083 (8th Cir. 1997). Under Missouri law, "[t]he essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) (quoting *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)). Plaintiff has not

3

argued that any of these elements is lacking.

Plaintiff states that "[f]ollowing receipt of the draft settlement agreement and its terms in September 2019 . . . he did not wish to settle and would rather proceed to trial on his claims." Doc. 246, at ¶ 4. However, nowhere does Plaintiff allege that he did not agree to the settlement or that he did not authorize his attorney to negotiate the settlement. Thus, it is presumed that Plaintiff did authorize his attorney to settle the case. *Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987) (citations omitted) ("Once it is shown . . . that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. . . . This is a heavy burden."). Without argument by Plaintiff to the contrary, the settlement agreement satisfies all the requirements of an enforceable contract.

Plaintiff may now disagree with the agreement, but "the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation." *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003).

In light of the foregoing, Defendant's motion to enforce the settlement is granted.

**II.     Conclusion**

Plaintiff's motion to reopen case, Doc. 246, is denied. Defendants' motion to enforce the settlement, Doc. 247 is granted.

s/ _____<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: _____<br>
Jefferson City, Missouri