# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH LEROY THOMPSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE A. LOMBARDI, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No. 2:15-cv-04303-NKL |

## ORDER

Before the Court are Plaintiff Joseph Thompson's pro se motion for a continuance, Doc. 249, and pro se motion for reconsideration and to reopen case, Doc. 250. Defendants oppose Plaintiff's motions, and request that Plaintiff's appeal be certified in writing as not taken in good faith. For the reasons set forth below, Plaintiff's pro se motions are denied, and Plaintiff is denied leave to proceed in forma pauperis on appeal.

**I.    Background**

On December 28, 2015, Plaintiff filed suit against Defendants for alleged constitutional violations stemming from the medical care provided to him during his incarceration with the Missouri Department of Corrections. This Court dismissed the case with prejudice on July 23, 2019 after being notified of a settlement between the parties. Doc. 245. On October 21, 2019 Plaintiff filed a motion to reopen case because he no longer wished to settle his case. Doc. 246; Doc. 247-2. Defendant responded with a motion to enforce the settlement agreement. Doc. 247. This Court denied Plaintiff's motion and granted Defendant's motion to enforce the settlement on

the basis that, despite Plaintiff's desire to change his mind, Plaintiff had authorized his attorney to enter into an enforceable settlement agreement. Doc. 248.

## II. Discussion

### A. Pro Se Motion for Continuance

Plaintiff requests a "continuance," stating that he needs "more time to complete his declaration and to submit a request for another appointed counsel." Doc. 249, at 1. Plaintiff has not identified what deadline he seeks to postpone, nor what the substance or purpose of his "declaration" would be. To the extent this relates to Plaintiff's request for time to submit a new request for appointed counsel, Plaintiff is already able to file new motions in this case as he has done with this motion for continuance. Nonetheless, Plaintiff has not filed a new motion for appointment of counsel. His request is also denied because he has had extraordinary access to appointed counsel and there is no reasonable likelihood that the Court would yet again provide him with new counsel. Therefore, the Court denies Plaintiff's request for a continuance.

### B. Pro Se Motion for Reconsideration and to Reopen Case

Plaintiff has filed a motion styled "Motion to Leave the Court to Request for a Reconsideration Hearing or Judgment or Order, to Alter or Amend or to Supplement Order or Judgment to Reopen Case, as Motions to Move Forward." Given the substance of this motion, the Court will interpret Plaintiff's request as a motion for reconsideration and to reopen the case. In this motion, Plaintiff asserts deficiencies in this Court's earlier order denying Plaintiff's motion to reopen case and enforcing the existing settlement, as well as certain deficiencies in the actions of Plaintiff's previous appointed counsel and this Court.[1] In particular, Plaintiff asserts that this

---

1. Plaintiff has also stated that "this Court may lack the jurisdiction to dismiss the case." Doc. 250, at 3. Plaintiff has not identified any reasoning why this Court does not have proper jurisdiction over this case, and upon dismissing this case following notification of settlement, this Court

2

Court's earlier order denying his motion to reopen case was deficient as he was not informed of the forty-five day deadline to file a motion to reopen his case, that the order enforcing the settlement was deficient as he never approved the settlement offer in writing and was instead coerced into approving the settlement, and that he is entitled to reconsideration. Doc. 250, at 2, 4–6.

As further grounds for reconsideration and for reopening this case, Plaintiff argues that his earlier appointed counsel and this Court have acted inappropriately. Plaintiff alleges that his appointed counsel acted negligently by failing to properly communicate with him and failing to file certain motions, breached fiduciary duties, abandoned his case, tried to get him to sign certain "bogus" medical documents, obstructed justice, and breached a duty of fair representation by failing to inform him of the contents of a written settlement agreement. Plaintiff also alleges that this Court has violated standards of judicial conduct and entered a prejudicial and biased judgment against him. Plaintiff therefore concludes that his counsel and this Court are involved in a conspiracy to defraud and deny him his civil rights.

To the extent Plaintiff is dissatisfied with how his attorney handled the settlement and the motion to enforce the settlement, he has not identified any legal basis for setting aside the settlement and the Court's order enforcing it. Further, a motion for reconsideration cannot be used to raise facts or legal arguments that could have been raised before an order is entered. Plaintiff's dissatisfaction is based necessarily on the conduct of his lawyer prior to the Court's ruling and therefore should have been raised before the ruling. *See, e.g.*, *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019); *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922

---

expressly stated that "the Court retains jurisdiction over enforcement of the settlement agreed to by the parties." Doc. 245, at 1. The Court therefore need not address this argument and denies Plaintiff's request for an "offer of proof."

(8th Cir. 2015). Nor has Plaintiff alleged facts to show how the Court engaged in a conspiracy to defraud him of any civil rights, other than his dissatisfaction with the Court's ruling, which is not a basis for challenging a judicial decision. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (discussing extrajudicial source doctrine).

Plaintiff also seems to misunderstand the content of this Court's earlier order. Plaintiff's earlier motion to reopen case was denied not merely due to his filing the motion past the required deadline, but also it was denied on its merits. According to the evidence presented, Plaintiff verbally approved the terms of the settlement agreement with his appointed counsel, and only later did he change his mind with the intention not to accept the settlement. This initial approval was deemed sufficient to enforce an agreed upon settlement. Doc. 248. Plaintiff still has not denied that he verbally approved the settlement and cannot now claim he was "coerced" into this agreement simply because his counsel notified him that he would have to agree to the deal now or risk losing out on it, and that his counsel believed the terms were the best offer he would receive. Plaintiff made a choice and he is bound by it. "Plaintiff may now disagree with the agreement, but 'the fact that a party decides after the fact that a contract is not to its liking does not provide a reason to suppose that a contract was not in fact formed or to release that party from its obligation." Doc. 248, at 4 (quoting *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1055 (8th Cir. 2003)).

Plaintiff's motion for reconsideration and to reopen the case is denied.[2]

---

2. Plaintiff additionally appears to request that "any and all documents mentioned above . . . pertaining to this case remain completely undisturbed." Doc. 250, at 9. Plaintiff does not specify what documents this request includes, and the Court denies this broad and ambiguous request. The Court does however note generally that the imposition of sanctions may be appropriate where relevant evidence is tampered with or destroyed. *See, e.g.*, *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 461 (8th Cir. 2013).

### C. Appeal and In Forma Pauperis Status

On December 27, 2019, Plaintiff filed a notice of appeal and on January 28, 2020, his appeal was remanded to this Court for the limited purpose of determining his in forma pauperis status and assessing the appellate filing fees if in forma pauperis status is granted. Doc. 251; Doc. 256. The Court construes the notice of appeal as containing Plaintiff's request for leave to proceed on appeal as a pauper and denies his request, certifying that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). The clerk of the Court shall send this case back to the Court of Appeals.

## II. Conclusion

For the reasons set forth above, IT IS THEREFORE ORDERED that:

1. Plaintiff's pro se motion for a continuance, Doc. 249, and motion for reconsideration and to reopen case, Doc. 250, are denied.

2. Plaintiff's appeal, Doc. 251, is not taken in good faith and plaintiff is denied leave to proceed in forma pauperis on appeal.

3. The clerk of the Court shall send this case back to the Court of Appeals.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 8, 2020
Jefferson City, Missouri