# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH LEROY THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-04303-NKL |
| GEORGE A LOMBARDI, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Joseph Thompson, a pro se inmate in the custody of the Missouri Department of Corrections, has four pending motions before the Court, Docs. 264, 265, 266 and 267. The Defendants have a Motion for Sanctions pending, Doc. 258. For the reasons discussed below, Plaintiff's motions are denied and Defendants' Motion for Sanctions is granted in part.

### I.  Background

Plaintiff, Mr. Thompson, appears pro se. However, the Court has twice appointed him an attorney, but both have sought to withdraw. On March 19, 2018, Dean Nash was appointed and on June 12, 2018 Mr. Nash moved to withdraw because "of fundamental disagreements [between Nash and Thompson] about proper course of action." Doc. 155. At the request of Mr. Thompson, the Court appointed a second lawyer, David Dwerlkotte, to be his trial attorney. Counsel Dwerlkotte vigorously prepared for the trial, including retaining and paying an expert witness for Mr. Thompson.

On July 21, 2019, less than a month before the scheduled trial, Plaintiff's counsel wrote an email to defense counsel stating: "I spoke with Mr. Thompson this morning and he agrees to

settle the case for offer you describe below. Specifically, (1) $20,000 and (2) Replacement of the medical shoes that have already been determined medically necessary. Please send us over the draft settlement agreement and we can get this thing closed out." Doc. 247, Ex. 1.

Based on the parties' settlement, the Court dismissed the case with prejudice on July 23, 2019, subject to being reopened in 45 days if any problem with the settlement arose. Doc. 245.

Approximately 90 days later, on October 21, 2019, Mr. Dwerlkotte, moved to reopen the case stating: "Due to circumstances that were out of counsel's control, a motion to reopen the matter could not be made within the 45-days provided in the Court's Order…. Following receipt of the draft settlement agreement and its terms in September 2019, Mr. Thompson indicated that he did not wish to settle and would rather proceed to trial on his claims." Doc. 246. Mr. Thompson had reported to counsel he had a "slight change of plan concerning the settlement agreement," and had asked counsel to renegotiate for his immediate release from prison. Doc. 258, Ex. 1, at 33. The Motion to Reopen was opposed by Defendants who asked the Court to instead enforce the terms of the settlement agreement. Doc. 247.

On December 16, 2019, the Court denied Plaintiff's Motion to Reopen and granted the Defendants' request to enforce the settlement agreement, finding that the Plaintiff had failed to show or even allege that his attorney did not have his authority to enter into the settlement agreement on his behalf and had not provided any other justification for avoiding enforcement of the agreement. Doc. 248. On December 27, 2019, while still represented by counsel, Mr. Thompson filed a pro se motion asking the Court to reconsider its ruling, Doc. 250, and requested the Court to appoint yet another attorney to represent him and to grant a continuance for unspecified reasons, Doc. 249. On that same day, Plaintiff filed pro se a notice of appeal. Doc. 251.

2

Case 2:15-cv-04303-NKL   Document 269   Filed 06/22/20   Page 2 of 12

On February 24, 2020, Defendant moved for sanctions claiming Plaintiff's post-judgment motions were not based in law or fact. Doc. 258. On February 26, 2020, Mr. Dwerlkotte moved to withdraw saying that Mr. Thompson's position prevented him from effectively representing Mr. Thompson. Doc. 259. The Court permitted Mr. Dwerlkotte to withdraw as counsel. Doc. 260.

On April 8, 2020, the Court denied Plaintiff's pro se motions for reconsideration, continuance and appointment of counsel. Doc. 261. The Court also ordered Plaintiff to show cause why the Defendants' Motion for Sanctions should not be granted, given Plaintiff's failure to respond to it. Doc. 262.

On April 16, 2020, Mr. Thompson filed Doc. 264, titled "Plaintiff's Motion to Leave the Court to Request for a Second Motion of "Notice of Appeal" Under Rules Filing of Rules 3(a) and 4(d) Fed. R. App. P. Later that same month, Mr. Thompson filed a Motion for Sanctions, Doc. 265, a Motion for Appointment of Counsel, Doc. 266 and a Motion for Compassionate Release, Doc. 267.

## II.  Discussion

### a. Pro Se Motion for Leave of Court to Request a Second Motion of "Notice of Appeal"

While titled, "Plaintiff's Motion to Leave the Court to Request for a Second Motion of 'Notice of Appeal' Under Rules Filing of Rules 3(a) and 4(d) Fed. R. App. P.", Mr. Thompson's motion instead discusses Federal Rule of Civil Procedure 60 and Plaintiff's opposition to the Court's Order dismissing his case and enforcing the settlement agreement.[1]

---

[1] This is effectively a second Rule 60 motion because Plaintiff's original motion to reopen filed by counsel could not have been a Rule 59 motion because the time for filing such a motion had already passed.

3

Rule 60(b) permits the Court, on motion, to relieve a party from a final judgment or order under certain circumstances. It reads as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[2]

A motion under Rule 60(b) "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quotation marks and citation omitted).

While Mr. Thompson recites some of the requirements of Rule 60 in his motion, he fails to identify any evidence, newly discovered or otherwise, that shows he did not tell his attorney that he accepted the agreement. His attorney's email states that Plaintiff did agree to settle on the terms offered by the Defendants and subsequent filings by Plaintiff also suggest that he did agree. Specifically, Plaintiff submitted a document to the Court of Appeals that purports to be a letter dated July 23, 2019 which is addressed to Mr. Dwerlkotte. In the letter, Mr. Thompson expresses his dissatisfaction with the settlement agreement and his desire to "recant" the "first settlement" and to get instead a release from prison. Doc. 258, Ex. 1. In the face of these documents, which the Court takes judicial notice of, Mr. Thompson presents no facts or legal argument in support of his Rule 60 motion. He does not identify any mistake or fraud nor does

---

[2] Although Mr. Thompson's motion refers to "fraud or to defraud, misrepresentation or other misconduct by an adverse party or appointed counsel," Rule 60 does not contain the language "appointed counsel". Nor has Mr. Thompson provided any authority that Rule 60 is a means to challenge fraudulent conduct of anyone other than an adverse party.

4

he identify any newly discovered evidence. As previously stated in the Court's order denying Mr. Thompson's Motion to Reopen: "Plaintiff has not contested the legitimacy of the email submitted by his own counsel which confirms the settlement agreement, nor has he alleged that any of the terms of the agreement are ambiguous or contested…nor does he assert his attorney lacked authority to enter the settlement agreement..." Doc. 248, at 3. Even though these deficiencies in his first motion to vacate were made clear to him, Mr. Thompson does not attempt to correct the deficiencies here.

Mr. Thompson has suggested elsewhere that he was rushed to make a decision about settling but making a choice about a settlement offer that was time limited does not evidence duress. *Stoner v. Dir of Revenue,* 358 S.W. 3d 514, 521 (Mo. Ct. App. 2011) (To establish duress, there must be a showing of lack of free will to make a decision as a result of wrongful conduct.). Setting time limits on settlement offers is not wrongful conduct. Indeed, it is the norm in litigation, particularly with a looming trial date.

Mr. Thompson also suggests that a settlement agreement is not enforceable if it is not in writing. But the settlement agreement at issue was in writing as evidenced by the emails between counsel on July 22, 2019. Mr. Thompson has not provided authority that his signature was required to make the settlement agreement enforceable, or that his attorney lacked authority to convey Mr. Thompson's acceptance of Defendants' offer. Further, "[a] settlement agreement does not have to be in writing unless the subject matter is within the statute of frauds," *B–Mall Co v. Williamson*, 977 S.W.2d 74, 77 (Mo.App. W.D. 1998), which it is not in this case. "'A contract is the agreement ... parties [make] and not the writing which evidences the agreement.' *Bailey v. Jamestown Sch. Dist. No. 11*, 77 S.W.2d 1017, 1020 (Mo.App. 1934). Furthermore, a settlement agreement 'may be considered valid and enforceable even if it contemplates that a

5

release will be signed at a later time.' *B–Mall Co.,* 977 S.W.2d at 77; *see also Owen v. Hankins,* 289 S.W.3d 299, 304 (Mo.App. S.D. 2009); *Byrd v. Liesman,* 825 S.W.2d 38, 39 (Mo.App. S.D. 1992). A settlement agreement 'will be valid and enforceable even if some terms may be missing or left to be agreed upon as long as the essential terms are sufficiently definite to enable the court to give them exact meaning.' …. *Olson v. Curators of Univ. of Mo.,* 381 S.W.3d 406, 411–12 (Mo.App. W.D.2012) ("A contract can be created even if all issues have not been resolved as long as the terms of the agreement are present and reasonably certain.")." *Matthes v. Wynkoop,* 435 S.W.3d 100, 107 (Mo.App. 2015) (some citations omitted).

For these reasons, the Court once again denies Plaintiff's Rule 60 motion.

As for Mr. Thompson's implied request for "a second motion of 'notice of appeal' under rules filing of rules 3(a) and 4(d) Fed. R. App. P.," the Court finds nothing in the cited appellate rules which authorizes the Court to give Mr. Thompson a second 'notice of appeal.' Nor does Mr. Thompson identify what order he seeks to appeal. Therefore, his request for a second notice of appeal is denied.

### b. Pro Se Motion for Appointment of Counsel

Mr. Thompson again requests that the Court appoint him counsel in this case because he "did not accept a 'blind deal' to settle out" and is "doing a second appointed counsel." Doc. 266, at 4. Mr. Thompson submitted exhibits to demonstrate his eligibility under 28 U.S.C. § 1915. Doc. 266, at 12-15. The Court has appointed counsel for Mr. Thompson on two separate occasions, but he was unable to work effectively with appointed counsel and there is no reason to think he will do any better with a third attorney. To the extent Mr. Thompson argues he requires counsel because the issues in his case are complex, those issues were resolved through the July 2019 settlement when Mr. Thompson agreed to release his claims against Defendants. Further, the Court

6

release will be signed at a later time.' *B–Mall Co.,* 977 S.W.2d at 77; *see also Owen v. Hankins,* 289 S.W.3d 299, 304 (Mo.App. S.D. 2009); *Byrd v. Liesman,* 825 S.W.2d 38, 39 (Mo.App. S.D. 1992). A settlement agreement 'will be valid and enforceable even if some terms may be missing or left to be agreed upon as long as the essential terms are sufficiently definite to enable the court to give them exact meaning.' …. *Olson v. Curators of Univ. of Mo.,* 381 S.W.3d 406, 411–12 (Mo.App. W.D.2012) ("A contract can be created even if all issues have not been resolved as long as the terms of the agreement are present and reasonably certain.")." *Matthes v. Wynkoop,* 435 S.W.3d 100, 107 (Mo.App. 2015) (some citations omitted).

For these reasons, the Court once again denies Plaintiff's Rule 60 motion.

As for Mr. Thompson's implied request for "a second motion of 'notice of appeal' under rules filing of rules 3(a) and 4(d) Fed. R. App. P.," the Court finds nothing in the cited appellate rules which authorizes the Court to give Mr. Thompson a second 'notice of appeal.' Nor does Mr. Thompson identify what order he seeks to appeal. Therefore, his request for a second notice of appeal is denied.

### b. Pro Se Motion for Appointment of Counsel

Mr. Thompson again requests that the Court appoint him counsel in this case because he "did not accept a 'blind deal' to settle out" and is "doing a second appointed counsel." Doc. 266, at 4. Mr. Thompson submitted exhibits to demonstrate his eligibility under 28 U.S.C. § 1915. Doc. 266, at 12-15. The Court has appointed counsel for Mr. Thompson on two separate occasions, but he was unable to work effectively with appointed counsel and there is no reason to think he will do any better with a third attorney. To the extent Mr. Thompson argues he requires counsel because the issues in his case are complex, those issues were resolved through the July 2019 settlement when Mr. Thompson agreed to release his claims against Defendants. Further, the Court

6

finds no merit to the post-judgment motions filed by Mr. Thompson and the Court sees no way that having an attorney would have made a difference in the Court's rulings. On their face Mr. Thompson's post-trial motions are without merit, and frivolous.

### c. Pro Se Motion for Compassionate Release

Mr. Thompson requests that the Court provide him with compassionate release pursuant to 18 U.S.C. § 3582. Doc. 267. Mr. Thompson argues he will have been in custody for 30 years in "November or December of this year," and that he has made efforts to "pivot [his] life around from that old lifestyle [he] was living before prison." Doc. 267, at 3, 5. Because Mr. Thompson is in the custody of the state prison system, rather than the custody of the Bureau of Prisons, 18 U.S.C. § 3582 does not apply to him.

Mr. Thompson states that if he does not qualify under 18 U.S.C. § 3582, he requests that "the Court take a different approach with the state board of probation and parole to accommodate" or to modify his sentence. Doc. 267, at 5. However, the Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release…" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). In other words, the duration of Mr. Thompson's confinement cannot be addressed in a § 1983 claim. Thus, the Court has no authority to modify Mr. Thompson's prison sentence or order his immediate release.

Plaintiff is advised that if he seeks a speedier release from confinement, the issue is one that must be brought in a petition for writ of habeas corpus. *Preiser*, 411 U.S. at 501; *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996). The Court expresses no opinion on the outcome of any such actions.

7

### d. Pro Se Motion for Sanctions and Monetary Relief [3]

In ECF Document 265, titled "Plaintiff's Motion to Leave the Court for Grounds for Malicious Prosecution/a Request to Sanction for Failure to Comply with a Law, Rules, or Order under Rules 11 and 26(a)(2)(B)(C) and 37 of the Fed. R. Civ. P./for Monetary Relief/to Show Proof of a Valid Contract/to Show Cause Why the Plaintiff's Motions Should Not be Granted, in Response to Ct. (Doc. No. 261) and to the Defs (Doc. No. 258) and Ct. (Doc. No. 262)," Mr. Thompson appears to be seeking sanctions and a monetary damages claim against Defendants and also argues that the settlement entered into between Plaintiff and Defendants in July 2019 was not valid. Doc. 265, at 6-7. To the extent Mr. Thompson seeks reconsideration of the Court's order denying Mr. Thompson's motion to reopen the case and granting Defendants' motion to enforce the settlement, the Court has already addressed these issues at length in this Order and prior orders and will not revisit them here. Docs. 248, 261.

The Court has reviewed the remaining arguments carefully and finds them to be without merit. Plaintiff appears to raise issues about the discovery process in this case, the admissibility of evidence, the appropriateness of sanctions for Defendants due to their withholding of pertinent evidence, and an "unexhausted" administrative claim. Doc. 265, at 2, 8, 10. In addition, Mr. Thompson recites the standard for summary judgment and the arguments Defendants previously made in their motion for summary judgment. Doc. 265, at 5-6, 8. Because this case has settled, arguments pertaining to summary judgment, discovery and evidentiary disputes and exhaustion issues, are moot. Finally, Mr. Thompson argues that his Fourteenth Amendment rights were violated, claiming that Defendants acted under color of law as "willful participant[s]" in a "joint

---

[3] Mr. Thompson also appears to include in this motion, a response to the Defendants' Motion for Sanctions, Doc. 258. Any such argument is addressed below in the context of Defendants' Motion for Sanctions.

conspiracy" to discriminate against Mr. Thompson. Doc. 265, at 9. To the extent he is rearguing his post-judgment motions, his arguments are rejected as cumulative and because they have already been addressed by the Court. To the extent he is attempting to raise a new issue, he has failed to identify any new issue with any specificity. Further, any general statement of possible additional issues such as "joint conspiracy" or "malicious prosecution" or "physical and emotional pain and suffering" are on their face frivolous.

### E. Defendants' Motion for Sanctions.

Defendants seeks sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent power. First, they argue Mr. Thompson's own documents establish that Mr. Thompson agreed to the material terms of the July 2019 settlement and any argument otherwise is frivolous. Doc. 258, at 4. Second, they argue Mr. Thompson's additional requested relief, and the reason he sought to withdraw from the settlement, was release from prison, a remedy that Defendants cannot grant. *Id.* Defendants argue sanctions are proper both to deter Mr. Thompson from filing additional frivolous motions and to compensate Defendants for incurring excess costs to defend a case that settled in July 2019. *Id.*

Mr. Thompson's response is titled, "Plaintiff's Motion to Leave the Court for Grounds for Malicious Prosecution/a Request to Sanction for Failure to Comply with a Law, Rules, or Order under Rules 11 and 26(a)(2)(B)(C) and 37 of the Fed. R. Civ. P./for Monetary Relief/to Show Proof of a Valid Contract/to Show Cause Why the Plaintiff's Motions Should Not be Granted, in Response to Ct. (Doc. No. 261) and to the Defs (Doc. No. 258) and Ct. (Doc. No. 262)." Doc. 265. In this document, Mr. Thompson appears to make arguments responding to Defendants' motion for sanctions. Specifically, Mr. Thompson argues that Defendants seek

9

sanctions for the purpose of scaring him and to stall the process and avoid reopening the case. Doc. 265, at 3.

Pro se parties are subject to Rule 11. *See, e.g., Campbell v. Accounts Receivable Mgmt., Inc.*, No. 14-793-DGK, 2016 WL 355493, at *4 (W.D. Mo. Jan. 26, 2016) (ordering pro se party to show cause why he should not be sanctioned under Rule 11). However, because "pro se litigants are held to a lesser pleading standard than other parties," *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (quoting *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), courts "traditionally afford pro se parties some leeway under Rule 11," *Mousel v. Knutson Mortg. Corp.*, 823 F. Supp. 658, 663 (D. Minn. 1993) (citation omitted).

It is true that Mr. Thompson's post-judgment motions fail to recognize the finality of the Court's Order dismissing his lawsuit and enforcing the settlement he agreed to. Even after appealing those rulings, Mr. Thompson has continued to file post-judgment motions that are not based in law or fact. This has caused both the Court and Defendants to spend substantial time sorting out Mr. Thompson's confusing and meritless filings. However, it is equally clear that Mr. Thompson lacks the necessary skills and mental capacity to exercise reasonable judgment about his case. Further, the Court cannot say that he has filed these post-judgment motions to harass or intimidate or another improper purpose. Indeed, he has injured himself in the process by delaying the payment of his settlement proceeds. For these reasons, the Court will not impose monetary sanctions as requested by the Defendants.

However, Mr. Thompson's post-judgment motions are duplicative and impose an unreasonable burden on the judicial process and Defendants and it is clear he will not and perhaps cannot stop this conduct voluntarily. Thus, an appropriate sanction to address this continuing problem will be to prevent Mr. Thompson from filing additional materials in the

District Court, absent prior permission from the Court.  Henceforth, if Mr. Thompson attempts to file any new motions in this case, they will be returned to him unfiled.  *See, e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (discussing federal courts' inherent power to impose sanctions to regulate their dockets, promote judicial efficiency, and deter frivolous filings).  The Eighth Circuit has recognized similar situations in which it is proper for a district court to reasonably limit a litigant's access to the courts.  *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir. 1972) (finding an injunction against future filings proper after appellant had been afforded a full opportunity to present his claims would be appropriate).

### III.     Notice Concerning $505 Appeal Fee

Plaintiff is advised that if he appeals any of the Court's rulings in this order,  in addition to any filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $505] the moment the prisoner ... files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to *Henderson*, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full ... appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.
> *Id.* at 484.

### IV.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to vacate and motion for a "second motion of 'notice of appeal,'" Doc. 264, are denied.  Plaintiff's motions for compassionate release, Doc. 267, appointment of counsel, Doc. 266, and sanctions and monetary relief, Doc. 265, are

11

denied. Defendants' Motion for Sanctions, Doc. 258, is granted in part. If Mr. Thompson seeks to file additional filings in the District Court without leave of Court, the Clerk of the Court shall return those filings unfiled.

**IT IS HEREBY CERTIFIED** that an appeal from this order would not be taken in good faith.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: June 22, 2020
Jefferson City, Missouri

12

Case 2:15-cv-04303-NKL   Document 269   Filed 06/22/20   Page 12 of 12