IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOSEPH LEROY THOMPSON, )
)
)
Plaintiff, )
) Case No. 2:15-cv-04303-NKL
v. )
)
GEORGE A LOMBARDI, et al., )
)
Defendants. )

**ORDER**

Pending before the Court is Defendants' motion for order and notice of compliance, Doc. 271. Defendants seek 45 days to effect settlement in this case by delivering $20,000 and medical shoes to Plaintiff Joseph Thompson. For the reasons discussed below, Defendants' motion is granted.

**I.     Background**

This case was closed in July 2019 after the parties reached settlement, including payment of $20,000 and medical shoes to Mr. Thompson and release of all claims against Defendants. Doc. 245. The Court retained jurisdiction over enforcement of the settlement. *Id.* In October 2019, Mr. Thompson filed a motion to reopen the case, and Defendants filed a motion to enforce settlement. Docs. 246, 247. In December 2019, the Court denied Mr. Thompson's motion to reopen and granted Defendants' motion to enforce settlement. Doc. 248. Mr. Thompson filed a motion for reconsideration and appealed. Docs. 250, 251. In April 2020, the Court denied Mr. Thompson's motion for reconsideration. Doc. 261. On August 27, 2020 the Eighth Circuit Court of Appeals affirmed the Court's order enforcing settlement and assessed the $505 filing fee against Mr. Thompson. Doc. 270. On September 3, Defendants filed a motion for order and notice of compliance, Doc. 271, seeking leave to effect settlement within 45 days.

1

The mandate issued from the Court of Appeals on October 15, transferring jurisdiction to this Court. Doc. 275; *see* Fed. R. App. Pro. 41. Finally, the Court has jurisdiction because the Court specifically retained jurisdiction over enforcement of the settlement agreed to by the parties as part of the dismissal order. Doc. 245; *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994) (holding that a court lacks jurisdiction to enforce settlement agreements unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order).

## II. Discussion

### A. Depositing Funds with the Court

Rule 67 of the Federal Rules of Civil Procedure provides, in relevant part, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." *See Baxter v. United Forest Products Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969). The Court thus has authority to order a deposit in this action. Fed. R. Civ. P. 67. Further, Mr. Thompson did not object to the deposit. His response to Defendants' motion was due September 17, and as of the date of this Order no response has been filed.

The settlement agreed to by the parties requires Defendants to pay $20,000 to Mr. Thompson. Doc. 245. Thus, Defendants are permitted to send a check in the amount of $20,000 to the Clerk of Court. Defendants must deliver a copy of this Order to the Clerk in order to effectuate the deposit. Fed R. Civ. P. 67(a). The Clerk shall deposit the money, in accordance with 28 U.S.C. § 2041, in an interest-bearing account.

### B. Releasing Funds from the Court

After the funds are deposited by the Clerk, the Clerk is directed to use $505 of the funds to pay Mr. Thompson's $505 filing fee, pursuant to the order entered by the Court of Appeals. Doc. 270; *see also Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (holding that "prisoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full" and leaving it to the district court to order collection of the fees). The Clerk is then directed to provide the remaining funds in the amount of $19,495 to Mr. Thompson. 28 U.S.C. § 2042; *see, e.g.*, *Johnson v. Teft*, 2018 WL 6272899 (W.D. Ark. Nov. 30, 2018) (directing the clerk of court to provide settlement funds deposited with the court to the plaintiff). A check can be mailed to Mr. Thompson at the following address:

**Joseph Leroy Thompson**
186374
TIPTON CORRECTIONAL CENTER
619 N. Osage
Tipton, MO 65081

### C. Medical Shoes

The settlement also requires Defendants to provide Mr. Thompson with medical shoes. Doc. 245. Defendants are permitted to send the medical shoes to Mr. Thompson. Defendants may submit to the Court either the resulting receipt of medical device form or refusal form, should Mr. Thompson refuse to accept the shoes.

### III. Conclusion

Defendants' motion for order and notice of compliance, Doc. 271, is granted. Defendants must effect settlement as described herein within 45 days of the date of this Order.

s/ *Nanette K. Laughrey*
NANETTE K. LAUGHREY
United States District Judge

Dated: October 29, 2020
Jefferson City, Missouri