**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| JOSEPH LEROY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:15-cv-04303-NKL |
| v. | ) | |
| | ) | |
| GEORGE A LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Pending before the Court are two motions filed by pro se Plaintiff Joseph Thompson. Docs. 277, 278. This case closed in July 2019 after the parties reached settlement, including payment of $20,000 and medical shoes to Thompson and release of all claims against Defendants. Doc. 245. Per the Court's Order dated October 29, 2020, Defendants are to effect settlement by delivering the medical shoes to Thompson and mailing a check to the Clerk of Court no later than December 14, 2020. Doc. 276. The Clerk is directed to withhold $505 for an appellate filing fee owed by Thompson, Doc. 270, and deliver the remaining funds to Thompson in accordance with 28 U.S.C. § 2042. Thompson's pending motions oppose the Order dated October 29, 2020, Doc. 276.

Thompson's first motion, Doc. 277, was mailed to the Eighth Circuit, but because the Eighth Circuit was the incorrect court to receive and rule the motion, the Clerk of Court for the Eighth Circuit mailed the motion to this Court to be filed and ruled. *See* 28 U.S.C. §§ 1291, 1292 (providing limited appellate jurisdiction for appeal from "final decisions" and interlocutory appeals in limited situations). In the motion, Thompson asks for a restraining order against the

1

Court for an alleged failure to allow Thompson an opportunity to respond to Defendants' motion for order and notice of compliance, Doc. 271. Defendants' motion was filed on September 3, 2020 and Thompson had until September 17, 2020 to file suggestions in opposition. Local Rule 7.0(c)2 (providing 14 days to respond). He did not timely respond. When the Court granted Defendants' motion on October 29, 2020, Doc. 276, Thompson still had not filed suggestions in opposition. The Court finds that Thompson had an opportunity to respond but failed to do so. Moreover, the Order dated October 29, 2020 merely grants Defendants' notice of compliance with a settlement that Thompson lawfully agreed to, and when Thompson appealed the Court's Order enforcing the settlement, the Eighth Circuit affirmed. Doc. 270. Thus, Thompson provided no substantive basis to challenge the Court's Order dated October 29, 2020, Doc. 269.

Finally, Thompson has not provided any argument to justify granting his request for a restraining order which requires, among other things, establishing a threat of irreparable harm. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Thompson has not met his burden, and the motion is thus denied. *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999) (holding that the burden of proving a restraining order should be issued lies entirely with the movant).

In the second motion, which Thompson correctly mailed to this Court, Thompson again requests a restraining order and to "freeze" the transfer of $20,000 to the Court. Doc. 278. However, Thompson's motion does not provide any facts or law to justify granting a restraining order because he has not shown that he will be irreparably harmed in the absence of the relief he seeks. *Dataphase Systems*, 640 F.2d at 113; *Randolph*, 170 F.3d at 856. The motion is denied.

Finally, the Clerk of Court is directed to return any future motions to Thompson unfiled, unless Thompson has first sought and obtained leave of Court to file the motion. Doc. 269.

2

**IT IS SO ORDERED**.


                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge


Dated:  November 30, 2020
Jefferson City, Missouri